IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANIS LANZ, individually and
on behalf of her minor child S.L.,

    Plaintiff,

v.   No. 07-CV-844 CG/WDS

NEW MEXICO SCHOOL FOR THE DEAF;
THE NEW MEXICO DEPARTMENT OF
PUBLIC EDUCATION; VERONICA GARCIA,
Secretary of the New Mexico Public Education
Department in her individual and official capacity;
DENIS KOSCIELNIAK, Director of the New
Mexico Public Education Special Education
Bureau, in her individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART NMSD'S PARTIAL MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant New Mexico School for the Deaf's (NMSD) Motion for Partial Summary Judgment Regarding Plaintiff's Claims of Disability Discrimination Including Retaliation, Violation of Equal Protection and State Constitution (Doc. 63). On June 23, 2008, the Court received oral argument on the motion and took the matter under advisement. Plaintiff, Janis Lanz, opposes the motion, but concedes that she is "not pursing" the New Mexico Human Rights Act claim. *Doc. 81* at 22. As set forth below, having reviewed the parties' submissions and the relevant law, the Court finds that summary judgment is appropriate as to the equal protection and New Mexico Human Rights Act claims.

### Background

Ms. Lanz brought this action on behalf of her minor child, S.L., and asserts violations of

the Individuals with Disabilities Education Act (IDEA), Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (Section 504), the Equal Protection Clause, and the New Mexico Human Rights Act. In its July 16, 2008 Memorandum Opinion and Order, the Court concluded that Ms. Lanz could not prevail on her IDEA claims against NMSD. *See Doc. 139*. The Court incorporates by reference the factual background contained in the July 16, 2008 Memorandum Opinion and Order. *Id.* at 2-5.

Summary Judgment Standard

The Court may grant summary judgment, under Rule 56(c) of the Federal Rules of Civil Procedure, if the pleadings, depositions, answers to interrogatories and admissions or affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The opposing party must be given notice and an opportunity to respond, as provided in Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

The moving party carries the initial burden of establishing that there is no genuine issue of material fact for trial. They may satisfy the burden by showing an absence of evidence to support an essential element of Plaintiff's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once they meet their burden, the burden shifts to the plaintiff to demonstrate a genuine issue for trial on a material matter. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The party opposing the motion may not rest on pleadings, mere argument, or contention but must set forth specific facts through admissible evidence, showing there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof. If she cannot

make such a showing, summary judgment is appropriate.[1]  *See Celotex*, 477 U.S. at 324.

ADA / Section 504

Ms. Lanz is pursing claims under the ADA[2] and Section 504.[3]  NMSD contends that Plaintiff's ADA and Section 504 claims fail because they are "derivative of and contingent upon the Plaintiff's IDEA claim."  *Doc. 64* at 16-18.  In response, Ms. Lanz argues that the IDEA is not an exclusive remedy and that NSMD's position overlooks recent Tenth Circuit precedent in *Ellenberg v. New Mexico Military Institute*, 478 F.3d 1262 (10th Cir. 2007).  The Court agrees with Ms. Lanz.

In *Ellenberg*, the Court held that Tenth Circuit precedent does not require a party's discrimination claims under Section 504 and the ADA to be dismissed if an IDEA claim fails. *Id*. at 1281.  The decision explained that "Any other interpretation of our caselaw would mean that a state educational institution that receives public funding could openly discriminate against applicants with disabilities so long as the state offered the student a FAPE in the least restrictive

---

[1] In applying this standard, the Court views the factual record and draws all reasonable inferences therefrom most favorably to the nonmovant.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[2] Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Regulations implementing the ADA prohibit a public agency from denying a disabled person "the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities." 28 C.F.R. § 35.130(b)(2).

[3] Section 504 provides:
> No otherwise qualified individual with a disability in the United States, as defined in section 706(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

environment."[4] *Id*. at 82. The *Ellenberg* decision specifically noted:

> In the context of [the Plaintiff's] pure discrimination claims, the
> IDEA offers no relief, for [the claims] do not relate to the
> provision of a FAPE in the least restrictive environment. Instead,
> they challenge the alleged discriminatory admissions practices of a
> state-funded secondary school. As we noted previously, the
> Supreme Court has long-recognized that the IDEA is simply not an
> anti-discrimination statute.

*Id*. at 1280-81. Thus, under *Ellenberg*, NMSD is not entitled to summary judgment if Ms. Lanz has asserted "pure discrimination" claims that are "separate and distinct" in nature from her IDEA claim. *Id*.

As was the case in *Ellenberg*, here, Ms. Lanz alleges that S.L. was denied admission because of an alleged discriminatory admission practice at a state-funded school. Such a claim is exactly the type of "pure discrimination" discussed in *Ellenberg*. Ms. Lanz has pled allegations which are sufficient to establish claims that are separate and distinct in nature from her IDEA claim. *See Doc. 1* at Paragraphs 42, 45, 73, 76, 78, 93, 102-06. Accordingly, the Court finds that NMSD is not entitled to summary judgment on the Section 504 and ADA claims.

## Retaliation

Ms. Lanz alleges that after the due process hearing, NMSD refused to send outreach staff

---

[4]
> In contrast to the IDEA, Section 504 emphasizes equal treatment, not just access
> to a FAPE. In other words, the drafters of Section 504 were not only concerned
> with [a student] receiving a FAPE somewhere (as was the case with the IDEA),
> but also that a federally funded program does not treat [the student] differently
> because [she is disabled]. Under Section 504, a state special school cannot hide
> behind the justification that another public school might provide a FAPE; it must
> show that somehow [the student] does not qualify for admission. Unlike the
> IDEA, Section 504 does not only look at what is a FAPE, but also what is fair.

*Ellenberg*, 478 F.3d at n.22 (quoting Christopher J. Walker, Note, *Adequate Access or Equal Treatment: Looking Beyond the IDEA to Section 504 in a Post-Schaffer Public School*, 58 Stan. L.Rev. 1563, 1589 (2006)).

or other staff members to S.L.'s individualized education program (IEP) meetings, as it had done in the past. She contends that this conduct amounts to retaliation under Section 504. In its motion for summary judgment, NMSD argues that it has cooperated with Plaintiff and has never refused to attend any IEP meetings. In support of this argument, NMSD asserts that it actively participated in the IEP process during the fall of 2006.

Section 504, like the ADA, prohibits retaliation for protected conduct. *See Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 272 (4th Cir. 2001). To establish a prima facie case of retaliation under the ADA or Section 504, Ms. Lanz must show: (1) that she engaged in protected action, (2) an adverse decision or course of action was taken against her, and (3) that there was a casual connection between the protected activity and the adverse action. *Id.*; *see also Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002). The burden of proof at the prima facie stage is minimal; all Ms. Lanz must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the adverse action and the protected activity. *See Dixon v. Gonzalez*, 481 F.3d 324, 333 (6th Cir. 2007). Once the plaintiff establishes a prima facie case, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), applies, and NMSD must produce evidence of a legitimate, nonretaliatory reason for the adverse action. *See Jarvis*, 500 F.3d at 1125. If NMSD does so, the burden then shifts back to Ms. Lanz to show that the proffered reason is pretextual. *Id*.

Ms. Lanz has presented sufficient evidence to survive the motion for summary judgment. First, she engaged in protected activity by filing a request for a due process hearing. *See Bradley ex. rel. Bradley v. Arkansas Dept. of Educ.*, 443 F.3d 965, 976 (8th Cir. 2006). Being a named respondent to the due process hearing, NMSD was aware of the protected activity. Second, there

is evidence in the record that suggests that after filing the request for a due process hearing, NMSD did not, as it had done in the past, send outreach staff or other staff to S.L.'s IEP meetings. Thus, there is evidence to support Ms. Lanz's allegation that an adverse action was taken. Third, there is an unusually suggestive temporal proximity between the protected action and the alleged retaliatory action. Such a suggestive proximity is sufficient to support the inference of a causal connection. *See Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239-40 (10th Cir. 2004).

NMSD has produced no evidence of a legitimate, non-retaliatory reason for the adverse action. In its motion, NMSD cites to six occasions to assert that it actively participated in the IEP process during the fall of 2006. However, all of these occasions were before Ms. Lanz filed her request for a due process hearing. Accordingly, NMSD's motion, as it pertains to the retaliation claim, is denied.

## Equal Protection

In her First Amended Complaint, Ms. Lanz asserts that "during the 2006-2007 school year . . . [NMSD] denied S.L. [an] educational opportunity and school attendance consistent with that afforded his nondisabled peers to whom he was similarly situated . . . ." *Doc. 1* at 18. NMSD argues that it is entitled to summary judgment on Plaintiff's equal protection claim because it fails as a matter of law. The Court agrees.

Ms. Lanz has not demonstrated that NMSD's actions violated S.L.'s constitutional right to equal protection. There is not a fundamental constitutional right to public education. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973); *see also Eva N. v. Brock*, 741 F.Supp 626, 635 (E.D.Ky. 1990). In addition, the disabled are not considered a suspect or quasi-suspect class to which a heightened level of scrutiny is due. Rather, state actions concerning the

disabled receive rational-basis review.  As such, state actions "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).  In *Board of Trustees of the University of Alabama v. Garrett*, the Supreme Court declared that "States are not required by the [Constitution] to make special accommodations for the disabled, so long as their actions toward such individuals are rational."  *Id.*  The Supreme Court noted that "the State need not articulate its reasoning at the moment a particular decision is made.  Rather, the burden is upon the challenging party to [negate] any reasonably conceivable state of facts that could provide a rational basis for the classification."[5]  *Id.*

While Ms. Lanz alleges that NMSD intentionally denied S.L. admission because of his disability, she has not shown that NSMD's actions were taken without any conceivable rational basis.  For example, Ms. Lanz has failed to demonstrate that NMSD did not base its actions on a determination that the benefits that S.L. might receive from admission could not justify the costs of admitting a student with his behavioral issues.  Simply put, Ms. Lanz has not met her heavy burden.  Therefore, she has not established that S.L.'s constitutional right to equal protection was violated.

Wherefore,

IT IS HEREBY ORDERED THAT Defendant NMSD's Motion for Partial Summary Judgment Regarding Plaintiff's Claims of Disability Discrimination Including Retaliation,

---

[5] The party alleging discrimination has the burden of proving that the state's conduct was motivated by a discriminatory purpose. *Whitus v. Georgia,* 385 U.S. 545, 550 (1967)(explaining that "[t]he burden is, of course, on the petitioners to prove the existence of purposeful discrimination"); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1130 (10th Cir. 1993)(stating that "[a] plaintiff in an equal protection action has the burden of demonstrating discriminatory intent.").  It is "hornbook constitutional law that mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003).

Violation of Equal Protection and State Constitution (Doc. 63) is granted in part and denied in part.

_____
UNITED STATES MAGISTRATE JUDGE